TERRAL v. SIRATT.

4-5358                                    125 S. W. 2d. 451

Opinion delivered February 13, 1939.

*Tom J. Terral* and *Alonzo D. Camp,* for appellant. *Elmer Schoggen,* for appellee.

HUMPHREYS, J. On April 20, 1934, appellant herein recovered a judgment against Guy A. Thompson, trustee of the Missouri Pacific Railroad Company of $22,500 for his client, appellee herein, on account of personal injuries to his client, in the United States district court of the western district of Arkansas, El Dorado division.

Under a reorganization proceeding against said railroad company in the United States district court for the eastern judicial district for Missouri this judgment or claim, filed in said court was given priority as operating expenses of the trustee, and he, as trustee of said railroad company, was directed to pay said claim or judgment to H. C. Siratt, appellee herein, which then amounted to $27,900 including interest plus $200.05 cost.

Appellant herein was claiming an interest in said judgment and lien thereon and parties to whom he had assigned certain interests in the judgments were claiming interests therein, and parties to whom appellee herein had assigned certain interests in the judgment were claiming interests therein, and certain physicians were claiming liens thereon, so Guy A. Thompson, trustee for the Missouri Pacific Railroad Company, debtor, filed a bill of interpleader in the chancery court of Pulaski county making all the claimants to interests in the judgment parties defendant and depositing the amount of the judgment, interest and cost in the registry of the court, alleging that he, as trustee, was unable to determine the amount, if any, due each claimant out of the judgment, and praying that said defendant be required to answer and establish their respective claims.

Various interventions and responses were filed and among them interventions of appellant and appellee herein were filed together with the responses to each others' intervention.

All interventions were adjudicated and settled except the issues joined between appellant and appellee

herein growing out of their respective interventions and responses which were later heard and determined by the trial court, resulting in a finding and decree in favor of appellant to the effect that appellee owed appellant $912.50 for one-half of all the expenses appellant had paid and incurred in prosecuting appellee's suit for damages against said trustee for said railroad company, and for $700 appellant loaned appellee during the pendency and trial of the damage suit. The interventions of appellant and appellee and their responses filed by each joined issue between them as to whether appellant loaned appellee $2,641.50 or only $700 during the pendency and trial of the damage suit, and whether, under the contract of employment, appellee owed appellant $912.50 or any part thereof for one-half of the cost including witness fees of experts who testified in the trial of the case for appellee.

The testimony introduced responsive to these issues is very voluminous and in sharp conflict. The court in the trial *de novo* of the case on appeal has carefully read and analyzed the evidence and have concluded that the finding of the chancery court on each issue is not contrary to a clear preponderance of the evidence. It could serve no useful purpose as a precedent to set out herein the substance of the testimony of each witness and to do so would extend this opinion to an unusual length.

It may be said in passing that no receipts, except perhaps one or two, and no canceled checks were introduced by appellant showing loans made by him to appellee. Appellant testified that he took no receipts for actual money except one or two, and appellee and his wife testified that they never received any money unless they receipted for it.

After the testimony was closed, and on the following morning before the case was submitted appellant introduced six or seven sheets taken from a book he said he kept himself showing the amounts he loaned appellee, and the dates thereof, over the objection of appellee, but the book out of which the sheets were taken was not

introduced. The book itself would have been the best evidence as to original entries and should have been introduced if relied upon as original entries of the items claimed to have been loaned. The sheets were nothing more than memoranda which appellant might have used to refresh his memory in testifying, and could not have been used as original entries either as original testimony or testimony in corroboration of the statements of appellant. The transactions testified to covered a long period of time, some six or seven years, and without the aid of a book showing original entries of the amounts loaned and the dates thereof, and without the aid of canceled checks or receipts the record discloses nothing more than the recollection or memory of appellant and appellee as to the various amounts loaned. In this condition of the record, as stated above, a majority of the court have concluded that the finding and decree of the chancellor is not contrary to the weight of the evidence.

Mr. Justice Mehaffy and the writer are of opinion that a preponderance of the testimony reflects that appellant loaned appellee $2,641.50.

No error appearing the judgment is affirmed on appeal and cross-appeal.